UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4077-CAS (SSx) | Date | November 14, 2012 |
|---|---|---|---|
| Title | THE SCOOTER STORE, INC., ET AL. V. TOBY DOUGLAS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** **(IN CHAMBERS): PLAINTIFFS' MOTION TO LIFT THE STAY** (filed September 26, 2012)

## I.    INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 19, 2012 is vacated, and the matter is hereby taken under submission.

On May 12, 2011, plaintiffs The Scooter Store, Inc., The Scooter Store - Los Angeles, LLC, The Scooter Store - San Diego, LLC, The Scooter Store - Las Vegas, LLC, The Scooter Store - Phoenix, LLC, The Scooter Store - San Francisco, LLC, and The Scooter Store - Sacramento, LLC (collectively "plaintiffs" or "TSS") filed the instant action against defendants Toby Douglas, in his official capacity as the Director of the California Department of Health Care Services, and the California Department of Health Care Services (collectively "DHCS"). TSS supplies power wheelchairs and accessories to disabled and mobility impaired individuals across the country and accepts many forms of health insurance for its products, including Medicare and Medicaid. Compl. ¶ 28. TSS is enrolled as a participant of Medi-Cal, California's Medicaid program, which is run solely by DHCS. Cal. Welf. &Inst. Code §§ 10740, 14000 et seq.

TSS seeks injunctive and declaratory relief regarding DHCS's alleged violation of federal law as a result of applying California's Upper Billing Limit ("UBL") to patient cost-sharing obligations on Medicare crossover claims for durable medical equipment ("DME") provided to individuals who are beneficiaries of both the Medicare and Medicaid programs. Compl. ¶ 1. Specifically, TSS alleges that DHCS's enforcement of the UBL and application to crossover claims violates: (1) the notice and comment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4077-CAS (SSx) | | Date | November 14, 2012 |
|----------|----------------------|---|------|-------------------|
| Title | THE SCOOTER STORE, INC., ET AL. V. TOBY DOUGLAS, ET AL. | | | |

provisions of the Medicaid Act, 42 C.F.R. § 447.205; (2) the substantive requirements of the Medicaid Act, 42 U.S.C. § 396(A)(30)(A) ("Section 30(A)"); (3) the Medicare Act, and is thus preempted under the supremacy clause of the U.S. Constitution; (4) the federal Competitive Bidding Program regulations; (5) the equal protection clause of the U.S. Constitution; and (6) the due process clause of the U.S. Constitution. Id. ¶¶ 46, 52, 58, 66, 71, 77.

On September 28, 2011, the Court stayed this action pending the resolution of TSS's administrative appeal before the Office of Hearings and Administrative Appeals ("OAHA"). Dkt. No. 36. On August 24, 2012, OAHA issued its decision this case, which became final thirty days after mailing. Dkt. No. 38, Ex. A. The decision did not address any of plaintiffs' due process or supremacy clause claims, and only briefly addressed plaintiffs' equal protection claim.

On September 26, 2012, plaintiffs filed a motion to lift the stay in this case. Dkt. No. 40. Defendants opposed the motion on October 12, 2012. Dkt. No. 44. Plaintiffs filed a reply on October 23, 2012. Dkt. No. 45. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   ANALYSIS

Plaintiffs argue that the stay of this action should be lifted for four reasons. First, plaintiffs note that this Court's prior order stayed the action pending resolution of plaintiffs' administrative appeal. Now that the administrative appeal has resulted in a final decision, plaintiffs contend that the stay should be lifted. Second, plaintiffs argue that this Court is the "proper tribunal" to address plaintiffs' federal claims, because plaintiffs bring various challenges under federal statutory and constitutional provisions to defendants' use of the UBL. Plaintiffs suggest that the Ninth Circuit's decisions in Indep. Living Cntr. v. Shewry, 543 F.3d 1050, 1065–66 (9th Cir. 2008) and Indep. Living Ctnr. of S. Cal. v. Maxwell-Jolly, 572 F.3d 644, 655–56 (9th Cir. 2009), provide that "a private party may bring suit under the Supremacy Clause to enjoin the implementation of state legislation allegedly preempted by state law." Mot. at 15. Moreover, plaintiffs argue that the Supreme Court's decision in Douglas v. Indep. Living Cntr. of S. Cal., 132 S. Ct. 1204 (2012), did not affect the "controlling" Ninth Circuit law that a plaintiff may bring such a Supremacy Clause challenge under Section 30(A) of the Medicaid Act. Third, plaintiffs contend that their claims were not mooted by OAHA's final decision on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4077-CAS (SSx) | Date | November 14, 2012 |
|---|---|---|---|
| Title | THE SCOOTER STORE, INC., ET AL. V. TOBY DOUGLAS, ET AL. | | |

plaintiffs' administrative appeal, because OAHA failed to consider a number of plaintiffs' arguments. Fourth, plaintiffs argue that the equities weigh in favor of lifting the stay, because defendants have "recouped" over two million dollars in alleged overpayments by offsetting payments otherwise owing to plaintiffs. Plaintiffs note that because they have already been harmed by defendants' recoupment efforts, a preliminary injunction is no longer suitable, and they intend to file a motion for summary judgment once the stay is lifted.

The Court finds that the stay should remain in effect pending the Ninth Circuit's decision on remand in Douglas v. Indep. Living Cntr. of S. Cal., 132 S. Ct. 1204. Although plaintiffs are correct that the Supreme Court did not decide the issue of whether Section 30(A) is enforceable by private parties via the Supremacy Clause, the Supreme Court vacated the judgments of the Ninth Circuit and remanded for consideration of the issue in the first instance by the court below. By vacating these Ninth Circuit opinions, the Supreme Court deprived those opinions of any precedential authority, and therefore there exists no binding precedent in the Ninth Circuit as to the viability of a Supremacy Clause claim for violation of Section 30(A). See O'Connor v. Donaldson, 422 U.S. 563, 577 n. 12. Moreover, the Supreme Court's decision appeared skeptical of the proposition that the Supremacy Clause can supply a private right of action where Congress did not explicitly create one; four dissenting Justices would have held outright that no such private right of action exists. See id. at 1211, 1215. Because plaintiffs' primary claim in this litigation purportedly arises under the Supremacy Clause, the Court finds that it is appropriate to await guidance from the Ninth Circuit on this crucial issue. Recently, the Ninth Circuit heard oral argument in four appeals from preliminary injunctions on related issues, including whether a Supremacy Clause claim may be asserted where there is SPA approval and whether Section 30(A) requires a cost study. See Ninth Circuit Dkts. 12-55067, 12-55068, 12-55103, 12-55315. In addition, the Ninth Circuit is slated to decide whether private parties may bring suit under the Supremacy Clause to challenge rate implementation prior to State Plan Amendment approval by the Centers for Medicare and Medicaid Services ("CMS").

In light of the potential for wasteful and duplicitous litigation pending the outcome of the Ninth Circuit's decision on the Supremacy Clause issue, the Court finds it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4077-CAS (SSx) | Date | November 14, 2012 |
|---|---|---|---|
| Title | THE SCOOTER STORE, INC., ET AL. V. TOBY DOUGLAS, ET AL. | | |

appropriate to maintain the stay in this action.  Accordingly, plaintiffs' motion is hereby
DENIED without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |